# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Broderick William Seay, Jr., ) | C/A No.: 2:17-2814-TMC-MGB |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | REPLY TO RESPONSE |
| ) | IN OPPOSITION TO MOTION |
| Sheriff Al Cannon, ) | FOR SUMMARY JUDGMENT |
| ) | |
| Respondent. ) | |
| ) | |

Petitioner has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. On February 2, 2018, Respondent filed his return and moved for summary judgment. (ECF #16 and 17). On February 15, 2018, Petitioner filed a response opposing the motion. (ECF #20). This reply follows. In support of the reply, Respondent would respectfully show the Court:

1. Respondent has previously set out its position in detail in the Return and Memorandum filed on February 2, 2018, and incorporates all the facts and arguments as if repeated verbatim. Respondent additionally makes this brief reply to three specific matters contained in the response in opposition. (See ECF #20).

2. First, Petitioner alleges Respondent has overlooked that jeopardy attaches when the jury is sworn. (See ECF #20 at 1). Petitioner is incorrect. Respondent agrees that jeopardy attaches when the jury is sworn. (See ECF #16 at 10, citing *Crist v. Bretz*, 437 U.S. 28 (1978)). It is Petitioner who overlooks the wealth of cases which support that double jeopardy will not bar retrial where there is a supported finding of manifest necessity.

3. Second, Petitioner does not address in his response in opposition Respondent's showing of the factual basis supporting the finding of manifest necessity. (See ECF #20 at 1-2). He did not address or challenge the fact the prosecution was taken completely by surprise during

1

the trial when the formerly cooperating witness failed to comply with the properly served subpoena; he did not address or challenge the fact the trial judge allowed a suspension of the trial proceedings to allow the prosecution a period of time in which to attempt to find the witness; he did not address or challenge the fact help was requested not simply from local law enforcement but also from the U.S. Marshals to find the witness for the trial to continue; he did not address or challenge the fact the attempts to locate the witness failed prior to making the motion for mistrial; and, he did not address or challenge the fact the witness was actually held in contempt which supports the prosecution was without fault or advance knowledge of the witness's intention not to appear at trial. (See ECF #16 at 2-3). Petitioner does, however, appear to agree that the witness was particularly essential to the prosecution, arguing that a directed verdict of acquittal may have been entered had the witness not testified. (ECF #20). He also appears to agree that the prosecution had no notice or advance knowledge of the witness's decision not to appear at the trial, as he makes reference to the prosecution knew "after trial" that the witness expressed she did not want to take the stand. (ECF #20 at 2).[1] Petitioner has essentially not challenged the factual basis which supports the crucial finding of manifest necessity, and, in some respects, actually agrees with facts that support the finding. Thus, he has failed to show why the motion for summary judgment should not be granted. *Robinson v. Cartledge,* No. CV 6:17-133-TMC-KFM, 2017 WL 6611700, at *3 (D.S.C. Dec. 4, 2017), *report and recommendation adopted,* No. CV61700133TMCKFM, 2017 WL 6610868 (D.S.C. Dec. 27, 2017) ("Once the movant has made this threshold demonstration [*i.e.,* a showing "there is no

---

[1]     Petitioner argues the solicitor had the witness's phone "tapped," (see ECF #20 at 2), but he is actually referencing to the taping of phone calls in the detention center. (See ECF #20 at 2 (referencing the August 22, 2016 contempt hearing transcript); and ECF #16-3 at 9, August 22, 2016 contempt hearing transcript reflecting: "While she's been in jail she has been talking to people on the phone and we received her jail recordings.").

genuine issue of material fact"], the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings; rather, he must demonstrate that specific, material facts exist that give rise to a genuine issue.") (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986)).

    4.    Third, Petitioner makes a new allegation that his indictment is improper. (ECF #20 at 2-3). This allegation is not cognizable in federal habeas as it is a matter of state law. *Pulley v. Harris,* 465 U.S. 37, 41 (1984) ("A federal court may not issue the writ on the basis of a perceived error of state law."); *Wright v. Angelone,* 151 F.3d 151, 157 (4th Cir. 1998) (state indictment process a matter of state law not subject to review in federal habeas). Moreover, it is improper to raise a new claim in a response in opposition to a motion for summary judgment. *Keam v. Cartledge,* No. CV 6:16-3245-JMC-KFM, 2017 WL 3588940, at *4 n. 4 (D.S.C. July 13, 2017), *report and recommendation adopted,* No. 6:16-CV-03245-JMC, 2017 WL 3582298 (D.S.C. Aug. 17, 2017) (not addressing certain arguments because "new matters cannot be raised in a response in opposition to a motion for summary judgment"). Even so, to whatever extent the claim could possibly be considered (and Respondent submits it cannot be considered), then Petitioner has failed to exhaust available state court remedies. *Braden v. 30th Judicial Circuit Court of Kentucky,* 410 U.S. 484, 489 (1973) ("…federal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court."). This claim cannot be reached.

    WHEREFORE, having made its response in opposition, Respondent, for all the foregoing reasons and those reasons presented in the return and memorandum, (ECF #16), respectfully submits his motion for summary judgment should be granted, and the habeas petition denied.

4

                                  Respectfully submitted,

                                  ALAN WILSON
                                Attorney General

                                DONALD J. ZELENKA
                                Deputy Attorney General

                                MELODY J. BROWN
                                Senior Assistant Deputy Attorney General
                                I.D. No. 7979

                                P.O. Box 11549
                                Columbia, S.C. 29211
                                (803) 734-3742

                                        s/Melody J. Brown
                                By:_____

February 22, 2018.                          MELODY J. BROWN
Columbia, South Carolina.           ATTORNEYS FOR RESPONDENT