# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Broderick William Seay, Jr.,    ) | C/A No.:  2:17-2814-TMC-MGB |
| ) | |
| Petitioner,    ) | |
| vs.    ) | |
| ) | REPLY TO OBJECTIONS |
| Sheriff Al Cannon,    ) | |
| ) | |
| Respondent.    ) | |
| _____ ) | |

On July 31, 2018, the Magistrate issued her Report and Recommendation in the above captioned matter. (ECF #38). On August 14, 2018, Petitioner filed objections. (ECF #39). This brief reply follows.

1. Petitioner asserts the Magistrate erred in recognizing and utilizing the standard of review adhered to in *Arizona v. Washington,* 434 U.S. 497, 514 (1978).  (ECF #39 at 1). The Magistrate carefully announced and utilized that standard throughout the report. (ECF #38 at 7-13). The objection should be overruled.

2. Petitioner asserts the Magistrate erred when she failed to accept his argument there is "no evidence of the trial court's consideration of alternatives to mistrial." (ECF #39 at 2). However, the Magistrate carefully reviewed the record facts, and resolved – with clear factual support set out – that the trial court took a measured approached and did not immediately order the mistrial. (See ECF #38 at 10-12). In short, the Magistrate did not overlook Petitioner's argument concerning the evidence, she rejected it based on the record. The objection should be overruled.

3. Respondent also incorporates by reference the return, (ECF #16 at 2-4 and 9-16), and his prior response in opposition to Petitioner's motion for summary judgment, (ECF #33 at

1

7-15), both of which specifically addressed the factual arguments raised by Petitioner. Based upon these pleadings alone, it is beyond contest that the facts of record were a large part of the arguments before the Magistrate. The Magistrate simply resolved those facts did not support Petitioner's position.

4. Petitioner also argues the Magistrate failed to consider particular cases such as *U.S. v. Shafer* and *Cornero v. U.S.* (ECF #39 at 7-10). *Cornero*, a Ninth Circuit opinion from 1931, is referenced in *Downum v. United States,* 372 U.S. 734 (1963). In fact, it is a part of a particular quote from *Downum* which the Magistrate included in the report. (ECF #38 at 8-9). It is difficult to say the case was overlooked or discounted. Even so, it is beyond dispute that the Supreme Court is the final arbiter of the Constitution and the particular right relied upon in this litigation. *See, e.g., Pennekamp v. State of Fla.*, 328 U.S. 331, 335 (1946) ("The Constitution has imposed upon this Court final authority to determine the meaning and application of those words of that instrument which require interpretation to resolve judicial issues."). Thus, the Supreme Court case is key, and properly guides the Magistrate's report and recommendation over the circuit court precedent noted.

5. Petitioner's assertion the Magistrate applied a harmless error analysis is without support. (See ECF #39 at 11). Nothing in the report attempts such an analysis. Moreover, the objection fails to take into account that Supreme Court precedent reflects recognition of discretion to respond to the particular facts and circumstances presented to the trial court. *See, e.g., Gilliam v. Foster,* 75 F.3d 881, 903 (4th Cir. 1996) ("the Supreme Court has directed reviewing courts to examine the ruling of the trial judge to determine whether sound discretion was exercised in granting the mistrial."). This necessarily means a particular case cannot be decided by mechanical formula or set checklist. *Arizona v. Washington,* 434 U.S. at 505-06

("manifest necessity" is not "a standard that can be applied mechanically or without attention to the particular problem confronting the trial judge" nor "interpreted literally"). Respondent submits the state court records presented within this action well, fully and fairly support the trial judge exercised sound discretion.  The trial judge did not act precipitously and his conclusion that a mistrial was warranted by manifest necessity was supported by the facts known at the time of the ruling. The Magistrate agrees in a well-reasoned and supported report and recommendation.  Petitioner's objections should be overruled.

      6.      Petitioner also submits the Magistrate erred in recommending a certificate of appealability should be denied.  (ECF #39 at 11).  He seizes upon language in the Magistrate's report that his arguments, "though well made" did not "persuade" the Magistrate.  (ECF #39 at 12; see also ECF #38 at 10).  Petitioner assigns meaning to those comments divorced from the context in which the comments appear.   An argument can be "well made" but wrong.  Particularly telling for context, the Magistrate explained in the following few sentences:

> Petitioner asserts the State "chose" not to "secure its witnesses." (Dkt. No. 29-1 at 4 of 10).  The undersigned disagrees.  The State had secured its witness; before the jury was sworn, the State had issued and served a subpoena upon Ms. Grant in order to secure her testimony.  This case is therefore easily distinguishable from *Downum*; the State in the case *sub judice* did not take a chance.

(ECF #38 at 10).

    Again, the record shows the facts are against him.  Without factual support, Petitioner's legal arguments, however well made, do not apply.

    Alternatively, Petitioner appears to argue – due to the nature of the ruling – every decision involving a review of manifest necessity should be one in which a court would find "reasonable jurists could differ" and a certificate should be automatic.  (ECF #39 at 12).  Neither

3

Rule 11, *Rules Governing Section 2254 Cases in the United States District Courts*, nor 28 U.S.C. § 2253 reflect such exemption.  Even so, based on the strength of the record support for all of the Magistrate's findings and conclusions, Respondent submits the Magistrate's recommendation a certificate should be denied does not show an error in law or fact.  *See generally Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003) ("The COA determination under § 2253 (c) requires an overview of the claims in the habeas petition and a general assessment of their merits."); Rule 11, *supra* (consideration of certificate following "a final order adverse to the applicant"); *Dilingham v. Warden, Chillicothe Corr. Inst.,* No. 1:13-CV-468, 2017 WL 2569754, at *2 (S.D. Ohio June 14, 2017), *certificate of appealability denied sub nom. Dillingham v. Jenkins,* No. 17-3813, 2017 WL 5438882 (6th Cir. Nov. 8, 2017) ("Obviously the habeas trial court cannot decide the appealability question first; it has to decide the merits first before it can decide whether its conclusions are debatable among reasonable jurists.").

7.     In summation, as reflected in all Respondent's previously submitted arguments and the state court records provided, Respondent again submits the state court record supports the finding of manifest necessity and the conclusion double jeopardy is not a bar to retrial in these circumstances. As such, Respondent agrees with the Magistrate's recommendations.

WHEREFORE, having made its reply, Respondent submits the objections should be overruled.  Respondent urges the Court to accept the Magistrate's Report and Recommendation.

              Respectfully submitted,

              ALAN WILSON
              Attorney General

                                  DONALD J. ZELENKA
                                  Deputy Attorney General

                                  MELODY J. BROWN
                                  Senior Assistant Deputy Attorney General
                                  I.D. No. 7979

                                  P.O. Box 11549
                                  Columbia, S.C. 29211
                                  (803) 734-3742

                                              s/Melody J. Brown
                                  By:_____

August 28, 2018.                         MELODY J. BROWN
Columbia, South Carolina.           ATTORNEYS FOR RESPONDENT